Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: George J Droste

Case No.: 17-32114

Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original
☐ Motions Included

■ Modified/Notice Required
☐ Modified/No Notice Required

Date:

**THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

■ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  BHL    Initial Debtor: GJD    Initial Co-Debtor

### Part 1:  Payment and Length of Plan

a. The debtor shall pay  900.00 Monthly  to the Chapter 13 Trustee, starting on  November 1, 2017  for approximately 60 months.

    b.  The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

    c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

    d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e.  ☐  Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     **X NONE**

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| BRUCE H. LEVITT, ESQ. BL9302 | Attorney Fees | 1,360.00 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
    Check one:
- ■ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| WVUE 2015-1 | 19 Yale Terrace Belleville, NJ 07109  Essex County | 35,764.62 | 0.00 | 35,764.62 | 1,677.96 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ◼ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ◼ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ◼ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

**e. Surrender** ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Santander Consumer USA |
| Toyota Motor Credit Co |

**g. Secured Claims to be Paid in Full Through the Plan** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| Township of Belleville | | 4,481.33 |

## Part 5: Unsecured Claims    X NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
- ☐ Not less than $____ to be distributed *pro rata*
- ☐ Not less than ___ percent
- ■ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| New Century Financial Service, Inc. | Debt discharged in prior bankruptcy. Judgment still remains on real property. Amount of unsecured claim to be recognized in this case $0. | | 36,589.97 | 0.00 | 0.00 | 0.00 | 36,589.97 |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   - ■ Upon Confirmation
   - ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions

5

2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: 10/31/17.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Real estate tax claim was not addressed in original Plan. | Real estate tax claim is being paid in full with interest. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date  July 26, 2018            /s/ BRUCE H. LEVITT, ESQ.
                               BRUCE H. LEVITT, ESQ. BL9302
                               Attorney for the Debtor

Date: July 26, 2018            /s/ George J Droste
                               George J Droste
                               Debtor

Date: _____              _____
                               Joint Debtor

### Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date  July 26, 2018            /s/ BRUCE H. LEVITT, ESQ.
                               BRUCE H. LEVITT, ESQ. BL9302
                               Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: July 26, 2018            /s/ George J Droste
                               George J Droste
                               Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Date: _____ | _____ |
|---|---|
| | Joint Debtor |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                        Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 17-32114-VFP
George J Droste                                                                 Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin          Page 1 of 2          Date Rcvd: Jul 27, 2018
                              Form ID: pdf901      Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 29, 2018.
```
db             +George J Droste,    19 Yale Terrace,    Belleville, NJ 07109-2103
517153591      +Barclays Bank Delaware,    100 S West St,    Wilmington, DE 19801-5015
517153592      +Barclays Bank Delaware,    Po Box 8803,    Wilmington, DE 19899-8803
517153595      +New Century Financial Service, Inc.,    Presler & Presler,    7 Entin Road,
                Parsippany, NJ 07054-5020
517153598      +Patricia Droste,    19 Yale Terrace,    Belleville, NJ 07109-2103
517195257      +SANTANDER CONSUMER USA,    P.O. Box 560284,    Dallas, TX 75356-0284
517153599      +Santander Consumer USA,    Po Box 961245,    Ft Worth, TX 76161-0244
517153603     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Motor Credit Co,    4 Gatehall Dr Ste 350,
                Parsippany, NJ 07054)
517344237      +Township of Belleville,    152 Washington Ave.,    Tax Dept.,    Belleville, New Jersey 07109-2589
517221918      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517153604      +WVUE 2015-1,    Att: McCabe, Weisberg & Conway, LLC,    216 Haddon Aven, Suite 201,
                Westmont, NJ 08108-2818
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 27 2018 23:20:03     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 27 2018 23:20:01     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Jul 27 2018 23:27:53
                Synchrony Bank, c/o PRA Recievables Management, LL,    POB 41021,    Norfolk, VA 23541-1021
517153593      +E-mail/PDF: creditonebknotifications@resurgent.com Jul 27 2018 23:28:02    Credit One Bank Na,
                Po Box 98873,    Las Vegas, NV 89193-8873
517153594      +E-mail/PDF: creditonebknotifications@resurgent.com Jul 27 2018 23:28:29    Credit One Bank Na,
                Po Box 98875,    Las Vegas, NV 89193-8875
517378138       E-mail/PDF: resurgentbknotifications@resurgent.com Jul 27 2018 23:28:30
                LVNV Funding, LLC its successors and assigns as,    assignee of MHC Receivables, LLC and,
                FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517153596      +E-mail/Text: bankruptcy@onlineis.com Jul 27 2018 23:20:22     Online Collections,    Po Box 1489,
                Winterville, NC 28590-1489
517293117       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 27 2018 23:28:27
                Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
517264647      +E-mail/PDF: gecsedi@recoverycorp.com Jul 27 2018 23:28:19     Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517153601       E-mail/Text: bankruptcy@td.com Jul 27 2018 23:20:04     TD Bank, N.A.,    32 Chestnut Street,
                Lewiston, ME 04240
517153600       E-mail/Text: bankruptcy@td.com Jul 27 2018 23:20:04     TD Bank, N.A.,    Attn: Bankruptcy,
                32 Chestnut St,    Lewiston, ME 04243
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517153597*     +Online Collections,    Pob 1489,    Winterville, NC 28590-1489
517153602*    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Motor Credit Co,    Toyota Financial Services,    Po Box 8026,
                Cedar Rapids, IA 52408)
                                                                                   TOTALS: 0, * 2, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 29, 2018                                     Signature:  /s/Joseph Speetjens

```
District/off: 0312-2              User: admin                 Page 2 of 2                   Date Rcvd: Jul 27, 2018
                                  Form ID: pdf901             Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 26, 2018 at the address(es) listed below:
              Bruce H Levitt     on behalf of Debtor George J Droste blevitt@levittslafkes.com,
               sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Melissa S DiCerbo    on behalf of Creditor    WVUE 2015-1 nj-ecfmail@mwc-law.com,
               nj-ecfmail@ecf.courtdrive.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```